This in an action for a forcible detainer, brought by the Storys against the plaintiff in error, Vanhook. It appeared in evidence, that the’ premises had been long in the possession of the father of the plaintiffs below; that he had agreed, verbally, to let the neighborhood have an acre of his land for a school house, and that a house was built, and a school taught therein. The plaintiffs, after the death of their father, refused to ratify the contract, and requested the patrons of the school to remove the school to some other place, but afterwards agreed to permit the school to continue for the time. After the teacher had dismissed the school on Thursday evening, having fastened the door by putting a bench against it, the plaintiff in error drove his wagon up to the door of the school house, took out his goods and placed them in the house, and with his family took possession thereof. He declared that day, that he would shoot any one who should attempt to put him out, and he continued in possession until this suit was brought. The defendant proved, that on Friday evening, while he was in possession of the house, Otey Story, one of the plaintiffs, said to Vanhook, that his father never denied that Martha Carter had a right to the land, and that if Vanhook had her right, he had a right to come in, but he did not believe he had her right. The defendant read in evidence a deed of quit claim from Martha Carter for the land, including the house in question.
The court charged the jury in substance, that if the land was *61 occupied as a school house, it would be in possession of the teacher, and not-of the Storys, and that while thus possessed a forcible entry into it would not entitle the Storys to recover for a forcible entry; but, that if upon the termination of the school, the plaintiffs were entitled to possession, ’ and the defendant continued to hold the possession against their will, in such way as that their possession could not be regained without a breach of the peace, he would be guilty of a forcible detainer; and that written notice to him to quit was not necessary. The jury found the defendant guilty, and he appealed to this court.
It is now insisted for the plaintiff in error, that Vanhook was in possession by the consent of thé Stores claiming title for himself, and that they, therefore, cannot dispossess him. But the facts, as set forth in this record, do not justify the conclusion, that the Storys either consented that Vanhook should take possession, or that he might retain such possession after it had been taken.
There is no question as to the violence and force employed by Vanhook, to obtain possession of the school house. But it is said Story afterwards agreed that he was rightfully in possession, when he said he had never- disputed Martha Carter’s right, and that if “Vanhook had her title, he had a right to the possession, but that he did not believe Vanhook had her right.” It is supposed thatthis declaration, coupled with the facts thatVan-hook had acquired, by quit-clairn deed, Martha Carter’s interest in the land, establishes the assent on the part of Story to the rightful possession of Vanhook. But this is a mistaken inference from these facts. Now, although' one of the Storys said, that Martha Carter had a right to the 'possession, and that if Vanhook had her title, he had such right, yet he added, that he did not believe Vanhook had Martha Carter’s right. He plainly here disputes Vanhook’s right to the possession, upon the ground, that he did not believe Martha Carter’s right was vested in him; and though Vanhook might show that Story was mistaken still the proof of such mistake would not change the state of Story’s mind, and make it assent to a proposition, in relation to which he had expressed the strongest dissent.
We think the jury were fully justified in finding Vanhook *62 guilty of a forcible detainer; and as there is no error in the charge of the court, the judgment must be affirmed.